IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MOHAMMED ALZI D/B/A/ XM COMPUTERS INC.** § § § | | |
| Plaintiff, § § | | |
| v. § § | Civil Action No.: 4:14-CV-3069 | |
| **NATIONAL FIRE INSURANCE COMPANY OF HARTFORD AND ERIN DAVIS GALLANT,** § § § § § | | |
| Defendants. § | | |

**NATIONAL FIRE INSURANCE COMPANY OF HARTFORD'S
NOTICE OF REMOVAL**

TO THE UNITED STATES DISTRICT COURT JUDGES
FOR THE SOUTHERN DISTRICT OF TEXAS

National Fire Insurance Company of Hartford ("National Fire"), by and through its undersigned counsel, hereby files this notice of removal as pursuant to 28 U.S.C. §§ 1332 and 1441 and in accordance with the procedures specified under 28 U.S.C. § 1446(a), and LR 81 of the Local Rules of the United States District Court for the Southern District of Texas ("Local Rules").

### I. INTRODUCTION

1. Mohammed Alzi d/b/a/ XM Computers Inc. ("Alzi") is the plaintiff in this insurance coverage lawsuit. National Fire Insurance Company of Hartford ("National Fire") and Erin Davis Gallant ("Gallant") are defendants.

2. Alzi commenced this lawsuit on September 10, 2014 in the 190th Judicial District Court of Harris County, Texas, which was assigned Cause Number 2014-51783, and styled *Mohammed Alzi D/B/A XM Computers Inc., v. National Fire Insurance Company of Hartford and Erin Davis Gallant,* Cause No. 2014-51783 (the "State Court Action"). A true and

correct copy of Alzi's *Plaintiff's Original Petition* is included as an attachment to the Index of Matters Being Filed, which is filed contemporaneously with this Notice.

3.      This insurance coverage dispute concerns what Alzi contends to be an alleged underpayment of first party insurance benefits for alleged damage to property located at 11621 Southwest Freeway, Houston, Texas 77031, that he contends resulted from a fire on or about November 12, 2012. In his *Plaintiff's Original Petition,* Alzi asserts common law claims for breach of contract, breach of the duty of good faith and fair dealing, and fraud, and statutory violations under the Texas Insurance Code § 541.060(a) and § 542.060.

## II.    BASIS FOR REMOVAL

4.      Removal is proper under 28 U.S.C. § 1332(a) because there is complete diversity between the parties to this lawsuit and the amount in controversy exceeds $75,000.[1] Alzi is a Texas citizen.[2] National Fire is an insurance company domesticated in the State of Illinois and has its principal place of business in the State of Illinois.[3]

## III.   ERIN DAVIS GALLANT IS AN IMPROPERLY-JOINED DEFEDANT

5.      The presence of a non-diverse defendant does not prevent removal if that defendant was improperly joined for the purpose of destroying diversity.[4] Improper joinder occurs where the state-court plaintiff has no reasonable basis for recovering against that non-

---

[1]      28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States...."). Although Alzi has not specified the amount of damages he seeks to recover, it is clear from his petition allegations that the amount in controversy exceeds $75,000 for the purpose of establishing removal jurisdiction.

[2]      *See* ¶2 of *Plaintiff's Original Petition.*

[3]      National Fire Insurance Company of Hartford is an insurance company domesticated in the state of Illinois and whose principal place of business is Illinois.

[4]      *Centaurus Southern Oaks, LP v. Lexington Ins. Co.,* No. H-10-4123, 2011 WL 96598 * 1(S.D. Tex Jan. 10, 2011), *citing Hornbucklev. State Farm Lloyds,* 385 F.3d 538, 542 (5th Cir. 2004); *Borden v. Allstate Ins. Co.,* 589 F.3d 168 (5th Cir. 2009); *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568 (5th Cir. 2003).

diverse defendant.[5] A court faced with an assertion that a party has been improperly joined may conduct a Rule 12(b)(6) inquiry into the matter, or may look beyond the pleadings where the plaintiff has omitted or misstated key jurisdictional facts.[6]

6. Erin Davis Gallant, the alleged forum-defendant, must be disregarded in determining the existence of diversity jurisdiction in this case for three independent reasons.[7] *First,* a nominal party may not defeat diversity.[8] Gallant cannot be a true target in this lawsuit.[9] Alzi is aware that Gallant is not the person who adjusted the claim at issue in this lawsuit. Moreover, because Gallant is not the person who adjusted the claim at issue, no possibility exists that Alzi will be able to establish a cause of action against Gallant.[10]

7. *Second,* Alzi's pleading fails to make a "factual fit" between his asserted theories of recovery against Gallant and the allegations.[11] The petition allegations that purport to support the insurance code violations and fraud claims asserted against Gallant (and National Fire) are conclusory and not adequate to support those claims.[12] Rather, Alzi's insurance code violations and fraud claims consist only of near verbatim recitations of portions of Chapters 541

---

[5]   *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568 (5th Cir. 2003).

[6]   *Anderson v. Georgia Gulf Lake Charles,* 342 Fed. Appx. 911 (5th Cir. 2009); *Eagle Oil & Gas Co., et al. v. Travelers Prop. & Cas. Co. of America, et al.,* 2013 WL 5969920 (N.D. Tex. Nov. 8, 2013).

[7]   *Smallwood v. Illinois Central R. Co.,* 385 F.3d 568, 576 (5th Cir. 2004) ("The doctrine of improper joinder implements our duty to not allow manipulation of our jurisdiction.")

[8]   *See, e.g., Schuchmann v. Miraglia*, 2004 WL 2626532, *2 (N.D.Tex. November 16, 2004) ("[A] nominal defendant must be disregarded in the determination of diversity jurisdiction.") (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461,100 S.Ct. 1779, 1782 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.)).

[9]   *See, e.g., Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 461 (1980).

[10]  *See e.g., Ross v. Citifinancial, Inc.,* 344 F.3d 458, 462 (5th Cir. 2003) (there must be a reasonable possibility of recovery, not merely a theoretical one).

[11]  *See, e.g., Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) (" [W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery.").

[12]  *See, e.g., Lakewood Chiropractic Clinic v. Travelers Lloyds Insurance Company*, Civil Action No. H-09-1727, 2009 WL 3602043, *3 (S.D.Tex. October 27, 2009) (petition that fails to allege facts illustrating what actions are attributable to adjuster individually insufficient to state a claim against adjuster) (citations omitted).

of the Texas Insurance Code.[13]  They are not supported by facts that describe any actionable conduct by Gallant (or National Fire).  The scant few statements that at first glance may appear to be facts are instead impermissible conclusory statements masquerading as facts.[14]  Legal conclusions couched as factual allegations are not entitled to be taken as true, and do not provide a reasonable possibility of recovery.[15]  Additionally, Alzi's pleading does not satisfy the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure not only as to his claim for fraud, but also his alleged Texas Insurance Code violations causes of action.  These claims fail for the further reason that Alzi alleges no resulting injury.

8.  Moreover, Alzi's pleading establishes the existence of a bona fide dispute regarding the claimed "underpayment" – that National Fire investigated, and he disagrees with the amount National Fire paid.[16]  A bona fide coverage dispute is not actionable as a bad faith under Texas law.  Thus, there is no merit to the bad faith claim.  If there is no merit to the breach of the duty of good faith and fair dealing claim, there can be no liability on the statutory extra-contractual claims.

9.  *Third,* as noted above, Gallant is not the person who adjusted the claim at issue in this lawsuit.  Because Alzi's statement is conclusory in nature, unsupported by any facts, his allegation is not entitled to be taken as true for purposes of determining removal jurisdiction.

---

[13]  *See, e.g., Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* 2009 WL 1437837, at *3–4 (N.D.Tex. May 22, 2009) (finding that allegations that listed Insurance Code provisions and asserted that "Both Defendants" violated such provisions were "legal conclusions couched as factual allegations," and stating that the plaintiff "alleged no facts to show that [the adjuster] performed any act that could be construed as a violation of any of the aforementioned section [of the Insurance Code]").

[14]  *See Associated Builders, Inc. v. Alabama Power Company,* 505 F.2d 97, 100 (5th Cir. 1974); *see also Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").

[15]  *See Papasan v. Allain,* 478 U.S. 265, 286 (1986) (a court is not bound to accept legal conclusions couched as factual allegations); *see also Moore v. State Farm Mut. Auto. Ins. Co.,* 2012 WL 3929930, at *4 (S.D.Tex. Sept. 6, 2012).

[16]  *See* ¶¶ 19 – 20 of *Plaintiff's Original Petition* – **NFIC00008** – at D.E. #1-2.

Thus, under the doctrine of improper joinder, for these reasons, Gallant must be disregarded in determining the existence of diversity jurisdiction.[17]

### IV.   CONSENT TO THIS REMOVAL IS NOT REQUIRED

10. Because Gallant is an improperly joined defendant, her consent to this removal is not required.[18]  Gallant nonetheless has consented to this removal.[19]

### V.   TIMELINESS OF REMOVAL

11. Section 1446(b) of the removal statute directs that "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise [of the complaint and summons]."  National Fire's agent for service, CT Corporation System, was served the complaint and summons on or about September 29, 2014 by process server.  Therefore, this action is timely removed.

### VI.   VENUE

12. Venue is proper in this district under 28 U.S.C. § 1441(a) because the 190th Judicial District Court of Harris County, Texas, the court from which this lawsuit was removed, is included within this district and division.

### VII.   WRITTEN NOTICE OF REMOVAL

13. In compliance with 28 U.S.C. § 1446(d), following the filing of this Notice, National Fire will promptly file with the 190th Judicial District Court of Harris County, Texas a

---

[17] *See, e.g., Medistar Twelve Oaks Partners, Ltd. v. American Economy Insurance Company,* Civil Action No. H-09-3828, 2010 WL 1996596, *2 (S.D.Tex. May 17, 2010) ("Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction.") (citing *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 572 (5th Cir. 2004)(en banc), *cert. denied,* 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005)).

[18] *See, e.g., Ramos v. Allstate Tex. Lloyd's,* 2010 WL 2472262, * 2 (S.D.Tex. June 15, 2010) (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993)); Wofford v. AllState Tex. Lloyd's, Civil Action No. 4;10-cv-00776, 2010 WL 2331361, *4 (S.D.Tex. June 09, 2010).

[19] *See, supra,* n. 17.

written notice of this removal that includes a file-stamped copy of this Notice. In addition, as indicated below, a copy of this Notice will be provided to counsel for Plaintiff.

**VIII.    LIST OF ALL COUNSEL OF RECORD AS OF THE FILING OF THIS NOTICE**

14. Counsel of record for Alzi is:

    Daniel P. Barton, Esq.
    Ryan K. Haun, Esq.
    BARTON LAW FIRM
    1201 Shepherd Drive
    Houston, Texas 77007
    713.227.4747 – Telephone
    713.621.5900 – Facsimile
    dbarton@bartonlawgroup.com – Email
    rhaun@bartonlawgroup.com – Email

    And

    Travis B. Terry, Esq.
    Reed & Terry, LLP
    56 Sugar Creek Center Boulevard
    Suite 300
    Sugar Land, TX 77478
    281.491.5000 – Telephone
    281.491.5055 – Facsimile
    travis@reedterrylaw.com

15. Counsel for National Fire is:

    Pamela Dunlop Gates
    COLLIAU CARLUCCIO KEENER MORROW
    PETERSON & PARSONS
    Plaza of the Americas
    700 North Pearl Street, Suite 1400
    Dallas, Texas 75201
    (214) 220-5900 – Telephone
    (214) 220-5902 – Telecopy
    pamela.dunlopgates@cna.com – Email

    And

    Robert M. Fineman (*Pro Hac Vice Request to be Filed*)
    ELENIUS FROST & WALSH
    555 Mission Street, Suite 330
    San Francisco, CA 94105
    (415) 932-7000 – Telephone
    (415)932-7001 – Telecopy
    robert.fineman@cna.com – Email

## IX. CONCLUSION

This notice of removal is respectfully submitted as proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a), timely under 28 U.S.C. § 1446(b), and filed in accordance with the procedures specified under 28 U.S.C. §§ 1446(a) and (d) and this Court's LR 81.

Date:   October 24, 2014

Respectfully submitted,

By:   /s/ Pamela Dunlop Gates
    Pamela Dunlop Gates
    State Bar No. 06239800
    S.D. Texas Admission No. 35193

COLLIAU CARLUCCIO KEENER MORROW
   PETERSON & PARSONS
Plaza of the Americas
700 North Pearl Street, Suite 450
Dallas, Texas 75201
(214) 220-5900 – Telephone
(214) 220-5902 – Telecopy
pamela.dunlopgates@cna.com
**ATTORNEY FOR NATIONAL INSURANCE COMPANY OF HARTFORD**

OF COUNSEL:
Robert M. Fineman (*Pro Hac Vice Request to be Filed*)
California State Bar Number #188211
ELENIUS FROST & WALSH
555 Mission Street, Suite 330
San Francisco, CA 94105
(415) 932-7000 – Telephone
(415)932-7001 – Telecopy
robert.fineman@cna.com
**ATTORNEY FOR NATIONAL INSURANCE COMPANY OF HARTFORD**

## CERTIFICATE OF SERVICE

       The undersigned does certify that on October 24, 2014, the foregoing *National Fire Insurance Company of Hartford's Notice of Removal* was electronically filed, as required by the United States District Court for the Southern District of Texas, using the Court's CM/ECF filing system, which will provide notice and a copy of this document, with attachments, to the following if a registered ECF filer in the United States District Court for the Southern District of Texas. The undersigned further certifies that on October 24, 2014, she caused a true and correct copy of the foregoing *National Fire Insurance Company of Hartford's Notice of Removal* to be served on the following via UPS Next Business Day Delivery:

Daniel P. Barton, Esq.
Ryan K. Haun, Esq.
BARTON LAW FIRM
1201 Shepherd Drive
Houston, Texas 77007
713.227.4747 – Telephone
713.621.5900 – Facsimile
dbarton@bartonlawgroup.com – Email
rhaun@bartonlawgroup.com – Email
**ATTORNEYS FOR MOHAMMED ALZI D/B/A XM COMPUTERS, INC.**

Travis B. Terry, Esq.
Reed & Terry, LLP
56 Sugar Creek Center Boulevard
Suite 300
Sugar Land, TX 77478
281.491.5000 – Telephone
281.491.5055 – Facsimile
travis@reedterrylaw.com
**ATTORNEYS FOR MOHAMMED ALZI D/B/A XM COMPUTERS, INC.**

                                                  /s/ Pamela Dunlop Gates
                                                   Pamela Dunlop Gates