**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MOHAMMED ALZI D/B/A/ XM COMPANY INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No.: 4:14-CV-3069** |
| **NATIONAL FIRE INSURANCE COMPANY OF HARTFORD AND ERIN DAVIS GALLANT,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**NATIONAL FIRE INSURANCE COMPANY OF HARTFORD'S
INDEX OF MATTERS BEING FILED**

TO THE UNITED STATES DISTRICT COURT JUDGES
FOR THE SOUTHERN DISTRICT OF TEXAS:

      National Fire Insurance Company of Hartford hereby provides its index of matters being

filed with its notice of removal.

| ATTACHMENT | DOCUMENT DESCRIPTION | DATE FILED/ISSUED |
|---|---|---|
| 1. | Civil Case Information Sheet | 09/10/2014 |
| 2. | Plaintiff's Original Petition | 09/10/2014 |
| 3. | Citation | 09/10/2014 |
| 4. | Affidavit of Service | 09/29/2014 |
| 5. | Affidavit of Service | 10/01/2014 |
| 6. | National Fire Insurance Company of Hartford's Special Exceptions and Original Answer | 10/17/2014 |
| 7. | On-Line Docket Report as of 10/23/2014 | |

Date:  October 24, 2014

Respectfully submitted,

By: ___/s/ Pamela Dunlop Gates___
    Pamela Dunlop Gates
    State Bar No. 06239800
    S.D. Texas Admission No. 35193

COLLIAU CARLUCCIO KEENER MORROW
    PETERSON & PARSONS
Plaza of the Americas
700 North Pearl Street, Suite 1400
Dallas, Texas 75201
(214) 220-5900 – Telephone
(214) 220-5902 – Telecopy
pamela.dunlopgates@cna.com – Email
**ATTORNEY FOR NATIONAL INSURANCE COMPANY OF HARTFORD**

OF COUNSEL:
Robert M. Fineman (*Pro Hac Vice Request to be Filed*)
California State Bar Number #188211
ELENIUS FROST & WALSH
555 Mission Street, Suite 330
San Francisco, CA 94105
(415) 932-7000 – Telephone
(415)932-7001 – Telecopy
robert.fineman@cna.com – Email
**ATTORNEY FOR NATIONAL INSURANCE COMPANY OF HARTFORD**

## CERTIFICATE OF SERVICE

The undersigned does certify that on October 24, 2014, the foregoing *National Fire Insurance Company of Hartford's Index of Matters Being Filed* was electronically filed, as required by the United States District Court for the Southern District of Texas, using the Court's CM/ECF filing system, which will provide notice and a copy of this document, with attachments, to the following if a registered ECF filer in the United States District Court for the Southern District of Texas.  The undersigned further certifies that on October 24, 2014, she caused a true and correct copy of the foregoing *National Fire Insurance Company of Hartford's Index of Matters Being Filed* to be served on the following via UPS Next Business Day Delivery:

Daniel P. Barton, Esq.
Ryan K. Haun, Esq.
BARTON LAW FIRM
1201 Shepherd Drive
Houston, Texas 77007
713.227.4747 – Telephone
713.621.5900 – Facsimile
dbarton@bartonlawgroup.com – Email
rhaun@bartonlawgroup.com – Email
ATTORNEYS FOR MOHAMMED ALZI D/B/A XM COMPUTERS, INC.


Travis B. Terry, Esq.
Reed & Terry, LLP
56 Sugar Creek Center Boulevard
Suite 300
Sugar Land, TX 77478
281.491.5000 – Telephone
281.491.5055 – Facsimile
travis@reedterrylaw.com
ATTORNEYS FOR MOHAMMED ALZI D/B/A XM COMPUTERS, INC.


                                      /s/ Pamela Dunlop Gates
                                    Pamela Dunlop Gates

9/10/2014 5:26:42 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 2451661
By: CUERO, NELSON

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* __2014-51783 / Court: 190__   COURT *(FOR CLERK USE ONLY):* _____

STYLED __Mohammed Alzi d/b/a XM Computers, Inc. v. National Fire Insurance Company of Hartford and Erin Davis Gallant__

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Daniel P. Barton<br><br>**Address:** 1201 Shepherd Drive<br><br>**City/State/Zip:** Houston, Texas 77007<br><br>**Signature:** | **Email:** lea@bartonlawgroup.com<br><br>**Telephone:** 713-227-4747<br><br>**Fax:** 713-621-5900<br><br>**State Bar No:** 00789774 | **Plaintiff(s)/Petitioner(s):** Mohammed Alzi d/b/a XM Computers<br><br>**Defendant(s)/Respondent(s):** National Fire Insurance Company<br><br>Hartford and Erin Davis Gallant<br><br>[Attach additional page as necessary to list all parties] | [X] Attorney for Plaintiff/Petitioner<br>[ ] Pro Se Plaintiff/Petitioner<br>[ ] Title IV-D Agency<br>[ ] Other: _____<br><br>**Additional Parties in Child Support Case:**<br><br>Custodial Parent:<br><br>Non-Custodial Parent:<br><br>Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-Judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>[ ] Consumer/DTPA<br>[ ] Debt/Contract<br>[ ] Fraud/Misrepresentation<br>[ ] Other Debt/Contract:<br><br>*Foreclosure*<br>[ ] Home Equity—Expedited<br>[ ] Other Foreclosure<br>[ ] Franchise<br>[X] Insurance<br>[ ] Landlord/Tenant<br>[ ] Non-Competition<br>[ ] Partnership<br>[ ] Other Contract: | [ ] Assault/Battery<br>[ ] Construction<br>[ ] Defamation<br>*Malpractice*<br>[ ] Accounting<br>[ ] Legal<br>[ ] Medical<br>[ ] Other Professional<br>Liability:<br><br>[ ] Motor Vehicle Accident<br>[ ] Premises<br>*Product Liability*<br>[ ] Asbestos/Silica<br>[ ] Other Product Liability<br>List Product:<br><br>[ ] Other Injury or Damage: | [ ] Eminent Domain/<br>Condemnation<br>[ ] Partition<br>[ ] Quiet Title<br>[ ] Trespass to Try Title<br>[ ] Other Property:<br><br>**Related to Criminal Matters**<br>[ ] Expunction<br>[ ] Judgment Nisi<br>[ ] Non-Disclosure<br>[ ] Seizure/Forfeiture<br>[ ] Writ of Habeas Corpus—<br>Pre-indictment<br>[ ] Other: | [ ] Annulment<br>[ ] Declare Marriage Void<br>*Divorce*<br>[ ] With Children<br>[ ] No Children<br><br>**Other Family Law**<br>[ ] Enforce Foreign Judgment<br>[ ] Habeas Corpus<br>[ ] Name Change<br>[ ] Protective Order<br>[ ] Removal of Disabilities of Minority<br>[ ] Other: | [ ] Enforcement<br>[ ] Modification—Custody<br>[ ] Modification—Other<br><br>**Title IV-D**<br>[ ] Enforcement/Modification<br>[ ] Paternity<br>[ ] Reciprocals (UIFSA)<br>[ ] Support Order<br><br>**Parent-Child Relationship**<br>[ ] Adoption/Adoption with Termination<br>[ ] Child Protection<br>[ ] Child Support<br>[ ] Custody or Visitation<br>[ ] Gestational Parenting<br>[ ] Grandparent Access<br>[ ] Parentage/Paternity<br>[ ] Termination of Parental Rights<br>[ ] Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| [ ] Discrimination<br>[ ] Retaliation<br>[ ] Termination<br>[ ] Workers' Compensation<br>[ ] Other Employment: | [ ] Administrative Appeal<br>[ ] Antitrust/Unfair Competition<br>[ ] Code Violations<br>[ ] Foreign Judgment<br>[ ] Intellectual Property | [ ] Lawyer Discipline<br>[ ] Perpetuate Testimony<br>[ ] Securities/Stock<br>[ ] Tortious Interference<br>[ ] Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| [ ] Tax Appraisal<br>[ ] Tax Delinquency<br>[ ] Other Tax | *Probate/Wills/Intestate Administration*<br>[ ] Dependent Administration<br>[ ] Independent Administration<br>[ ] Other Estate Proceedings | [ ] Guardianship—Adult<br>[ ] Guardianship—Minor<br>[ ] Mental Health<br>[ ] Other: | | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| [ ] Appeal from Municipal or Justice Court<br>[ ] Arbitration-related<br>[ ] Attachment<br>[ ] Bill of Review<br>[ ] Certiorari<br>[ ] Class Action | [ ] Declaratory Judgment<br>[ ] Garnishment<br>[ ] Interpleader<br>[ ] License<br>[ ] Mandamus<br>[ ] Post-judgment | [ ] Prejudgment Remedy<br>[ ] Protective Order<br>[ ] Receiver<br>[ ] Sequestration<br>[ ] Temporary Restraining Order/Injunction<br>[ ] Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case):*

[ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
[ ] Less than $100,000 and non-monetary relief
[ ] Over $100,000 but not more than $200,000
[ ] Over $200,000 but not more than $1,000,000
[X] Over $1,000,000

Rev 2/13

Certified Document Number: 62298797 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 23, 2014

Certified Document Number:        62298797 Total Pages:  1

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

9/10/2014 5:26:42 PM
Chris Daniel - District Clerk Harris County
Envelope No. 2451661
By: Nelson Cuero

## 2014-51783 / Court: 190

CAUSE NO. _____

| | | |
|---|---|---|
| MOHAMMED ALZI D/B/A XM COMPUTERS INC. | § | IN THE DISTRICT COURT OF |
|     *Plaintiff,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD AND ERIN DAVIS GALLANT | § § § | |
|     *Defendants.* | § | _____ JUDICIAL DISTRICT |

---

### PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Mohammed Alzi d/b/a XM Computers Inc., hereinafter referred to as Plaintiff, complaining of National Fire Insurance Company of Hartford ("Hartford") and Erin David Gallant ("Gallant") (hereinafter collectively referred to as "Defendants") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.    Plaintiff is a commercial property located in Harris County, Texas.

Certified Document Number: 62298795 - Page 1 of 14

3.     Defendant Hartford is an insurance company engaging in the business of insurance in the State of Texas.   This Defendant may be served with process by serving its attorney for service: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.     Defendant Erin Davis Gallant is an individual residing in Collin County, Texas and may be served with process at the following address: 13054 Early Wood Drive, Frisco, Texas 75035.

## JURISDICTION

5.     Plaintiff stipulates that the damages in this matter exceed $1,000,000, excluding interest and costs, and that the damages are within the jurisdictional limits of the court. Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

6.     The court has jurisdiction over Defendant Hartford because this Defendant is an insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

7.     The court has jurisdiction over Defendant Gallant because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## VENUE

8.     Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas.   TEX.CIV.PRAC.REM.CODE §15.032.

## FACTS

9.     Plaintiff is the owner of a Texas Commercial Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Defendant Hartford.   Plaintiff operated a

Certified Document Number: 62298795 - Page 2 of 14

---

*Plaintiff's Original Petition*                                                                                     Page 2

business at the insured property, which is specifically located at 11621 Southwest Freeway, Houston, Texas 77031 (hereinafter referred to as "the Property").

10.    Defendant Hartford sold the Policy insuring the Property to Plaintiff.

11.    On or about November 12, 2012, a fire caused extensive damage to Plaintiff's property and constituted a covered loss under the Policy issued by Defendant Hartford.  Plaintiff subsequently opened a claim and Defendant Hartford assigned Defendant Gallant to adjust the claim.  Defendant Hartford wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the loss.

12.    Defendant Gallant made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff.  Specifically, Defendant Gallant over-depreciated Plaintiff's loss and used excessively low pricing to significantly underpay Plaintiff's claim.  Defendant Gallant failed to conduct a reasonable investigation and did not have adequate evidence to support the underpayment of Plaintiff's claim at the time it was inadequately paid.  As a result of Defendant Gallant's conduct, Plaintiff's claim was underpaid.

13.    Defendant Hartford failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policies in effect during Plaintiff's loss.  Specifically, Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been carried out and accomplished by Plaintiff.  Defendant Hartford's conduct constitutes a breach of the insurance contract between Defendant Hartford and Plaintiff.

Certified Document Number: 62298795 - Page 3 of 14

14.    Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(1).

15.    Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(2)(a).

16.    Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(3).

17.    Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

18.    Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased,

unfair and inequitable evaluation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's loss on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

19.   Defendant Hartford failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant Hartford's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

20.   Defendant Hartford failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Hartford's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.056.

21.   Defendant Hartford failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant Hartford has delayed full payment of Plaintiff's claim longer than allowed and, to date Plaintiff has not yet received full payment for Plaintiff's claim. Defendant Hartford's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §541.058.

22.   From and after the time Plaintiff's claim was presented to Defendant Hartford, the liability of Defendant Hartford to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Hartford has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on

Certified Document Number: 62298795 - Page 5 of 14

to deny the full payment. Defendant Hartford's conduct constitutes a breach of the common law duty of good faith and fair dealing.

23.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

24.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing them with respect to these causes of action.

25.     Plaintiff's experience regarding their claim with Defendant Hartford is not an isolated case. The acts and omissions Defendant Hartford committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant Hartford with regard to handling these types of claims. Defendant Hartford's entire process is unfairly designed to reach favorable outcomes for the insurance company at the expense of their policyholders.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT GALLANT

#### TEXAS INSURANCE CODE VIOLATIONS

26.     Defendant Gallant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

27.     Defendant Gallant is individually liable for her unfair and deceptive acts, irrespective of the fact she was acting on behalf of Defendant Hartford, because individually, she meets the definition of a "person" as defined by TEX.INS.CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance

exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

28.   Defendant Gallant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

29.   Defendant Gallant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(2)(A).

30.   The unfair settlement practice of Defendant Gallant as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

31.   Defendant Gallant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a

reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

32.     Defendant Gallant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

## FRAUD

33.     Defendant Gallant is liable to Plaintiff for common law fraud.

34.     Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which Defendant Gallant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35.     The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury, which constitutes common law fraud.

### CAUSES OF ACTION AGAINST DEFENDANT HARTFORD

36.     Defendant Hartford is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

37.     Defendant Hartford's conduct constitutes a breach of the insurance contract made between Defendant Hartford and Plaintiff.

38.     Defendant Hartford's failure and refusal, as described above, to pay the adequate compensation it is obligated to pay under the terms of the Policy in question and under the laws

Certified Document Number: 62298795 - Page 8 of 14

of the State of Texas, constitutes a breach of Defendant Hartford insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

39.    Defendant Hartford's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

40.    Defendant Hartford's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

41.    Defendant Hartford's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Hartford's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

42.    Defendant Hartford's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

43.    Defendant Hartford's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a

reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

44.     Defendant Hartford's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

45.     Defendant Hartford's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX.INS.CODE §542.060.

46.     Defendant Hartford's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX.INS.CODE §541.055.

47.     Defendant Hartford's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claims within the applicable time constraints and a violation of the TEX.INS.CODE §541.056.

48.     Defendant Hartford's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claims. TEX.INS.CODE §541.058.

Certified Document Number: 62298795 - Page 10 of 14

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

49.    Defendant Hartford's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

50.    Defendant Hartford's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Hartford knew or should have known by the exercise of reasonable diligence that its liability was reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

## FRAUD

51.    Defendant Hartford is liable to Plaintiff for common law fraud.

52.    Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which Hartford knew were false or made recklessly without any knowledge of their truth as a positive assertion.

53.    The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury, which constitutes common law fraud.

## KNOWLEDGE

54.    Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

55.    Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

Certified Document Number: 62298795 - Page 11 of 14

56.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

57.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

58.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

59.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

60.     For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest and court costs.

61.     For the prosecution and collection of these claims, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

Certified Document Number: 62298795 - Page 12 of 14

## JURY DEMAND

62.     Plaintiff hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas.   Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

BARTON LAW FIRM

By: /s/ Daniel P. Barton
        DANIEL P. BARTON
        State Bar No.: 00789774
        RYAN K. HAUN
        State Bar No.: 24055634
        1201 Shepherd Drive
        Houston, Texas 77007
        (713) 227-4747- Telephone
        (713) 621-5900- Facsimile
        dbarton@bartonlawgroup.com
        rhaun@bartonlawgroup.com

        **ATTORNEYS FOR PLAINTIFF**

REED & TERRY, LLP

By: */s/ Travis B. Terry*
      Travis B. Terry
      State Bar No. 00788518
      56 Sugar Creek Center Blvd., Ste. 300
      Sugar Land, TX  77478
      (281) 491-5000 - Telephone
      (281) 491-5055 – Facsimile
      travis@reedterrylaw.com

**ATTORNEY FOR PLAINTIFF**



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 23, 2014

Certified Document Number:        62298795 Total Pages:  14

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

10/9/2014 9:14:18 AM
Chris Daniel - District Clerk Harris County
Envelope No. 2772011
RECEIPT NUMBER _____
By: CAROL WILLIAMS
TRACKING NUMBER ___73105449___
Filed: 10/9/2014 9:14:18 AM

CAUSE NUMBER __201451783__   39287-2

| | |
|---|---|
| PLAINTIFF: ALZI, MOHAMMED (D/B/A XM COMPUTERS INC) | In The    190th |
| vs. | Judicial District Court of |
| DEFENDANT: NATIONAL FIRE INSURANCE COMPANY OF HARTFORD | Harris County, Texas |

### CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

TO: NATIONAL FIRE INSURANCE COMPANY OF HARTFORD BY SERVING ITS ATTORNEY
CT CORPORATION SYSTEM

1999 BRYAN STREET SUITE 900 DALLAS TX 75201

Attached is a copy of ___PLAINTIFF'S ORIGINAL PETITION___.

This instrument was filed on the ___10th___ day of ___September___, 20 _14_, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED**; you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___16th___ day of ___September___, 20 _14_.

Issued at request of:
TERRY, TRAVIS BARTON
56 SUGAR CREEK CENTER BLVD., STE 300
SUGAR LAND, TX 77478
Tel: (281) 491-5000
Bar Number: 788518

*Chris Daniel*
CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

Generated by: CHAMBERS, WANDA RENE   ULW//9921873

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20____, at _____ o'clock ___.M., endorsed the date of delivery thereon, and executed it at _____, _____,
                                                                (street address)                    (city)
in _____ County, Texas on the _____ day of _____, 20____, at _____ o'clock ___. M.,
by delivering to _____, by delivering to its
                          (the defendant corporation named in citation)
_____ in person, whose name is _____,
(registered agent, president, or vice president)
a true copy of this citation, with a copy of the _____ Petition attached,
                                                              (description of petition, e.g., "Plaintiffs Original"
and with accompanying copies of _____.
                                               (additional documents, if any, delivered with the petition)
I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.
FEE: $ _____                         By: _____
                                                           (signature of officer)
                                          Printed Name: _____
                                          As Deputy for: _____
_____                              (printed name & title of sheriff or constable)
Affiant Other Than Officer

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 _____

_____
Notary Public

N.INT.CITC.P

Certified Document Number: 62689501 - Page 1 of 2

# AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Harris**                    **190th Judicial District Court**

Case Number: 2014-51783

Plaintiff:
**MOHAMMED ALZI (D/B/A XM COMPUTERS INC)**
vs.
Defendant:
**NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, ET AL.**

For:
Travis Barton Terry
56 Sugar Creek Center Blvd
Suite 300
Sugar Land, TX  77478

Received by ProActive Legal Solutions on the 25th day of September, 2014 at 10:58 am to be served on **National Fire Insurance Company Of Hartford c/o C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201**.

I, Anthony Collins, being duly sworn, depose and say that on the **29th day of September, 2014 at 1:50 pm, I**:

Executed service by delivering a true copy of the **Citation, Copy of Plaintiff's Original Petition** , to: **Jennifer Duddington** as **Authorized Acceptance Agent** at the address of: **1999 Bryan Street, Suite 900, Dallas, TX 75201**, who is authorized to accept service for **National Fire Insurance Company Of Hartford**, and informed said person of the contents therein, in compliance with state statutes.

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this affidavit, and they are true and correct."

Subscribed and Sworn to before me on the 30th day of September, 2014 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

JON PEKAR
Notary Public, State of Texas
My Commission Expires
December 29, 2014

**Anthony Collins**
SCH 357 Expires 12/31/2016

**ProActive Legal Solutions**
**P.O.Box 8538**
**Houston, TX 77249**
**(832) 209-7760**

Our Job Serial Number: ONT-2014004010
Ref: 39287-2

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

Certified Document Number: 62689501 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 23, 2014

Certified Document Number:        62689501 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

203712

10/16/2014 3:57:05 PM
Chris Daniel - District Clerk Harris County
Envelope No. 2859371
By: CAROL WILLIAMS
Filed: 10/16/2014 3:57:05 PM

CAUSE NO. 201451783

RECEIPT NO.                    0.00      MTA
            **********              TR # 73056115

PLAINTIFF: ALZI, MOHAMMED (D/B/A XM COMPUTERS INC)          In The  190th
       vs.                                                  Judicial District Court
DEFENDANT: NATIONAL FIRE INSURANCE COMPANY OF HARTFORD      of Harris County, Texas
                                                            190TH DISTRICT COURT
                                                            Houston, TX

                              CITATION

THE STATE OF TEXAS
County of Harris


TO: GALLANT, ERIN DAVIS
    13054 EARLY WOOD DRIVE,  FRISCO TX 75035


     Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 10th day of September, 2014, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 16th day of September, 2014, under my hand and
seal of said Court.

Issued at request of:                      CHRIS DANIEL, District Clerk
BARTON, DANIEL PATRICK                     Harris County, Texas
1201 SHEPHERD DRIVE                        201 Caroline      Houston, Texas 77002
HOUSTON, TX 77007                          (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 227-4747
Bar No.: 789774                            GENERATED BY: CHAMBERS, WANDA RENE   ULN//9921873

                    OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____ .M., on the _____ day of _____, _____.

Executed at (address) _____ _____ in

_____ County at _____ o'clock '., on the ____ day of _____,

_____, by delivering to _____        ____, defendant, in person, a
true copy of this Citation together with the                     copy(ies) of the
                                                                     Petition
attached thereto and I endorsed on said                     date of delivery.
To certify which I affix my hand offi-
                                                            _____ _____.
Fee: $_____
                                                            _____ _____.

                                                            _____ of _____ County, Texas

_____                      By _____
       Affiant                                              Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.


                                                _____
                                                   Notary Public

       N.INT.CITR.P



Certified Document Number: 62800308 - Page 1 of 2

## AFFIDAVIT OF SERVICE

State of Texas  County of Harris  190th Judicial District Court

Case Number: 201451783

Plaintiff:
**MOHAMMED ALZI D/B/A XM COMPUTERS INC.**
vs.
Defendant:
**NATIONAL FIRE INSURANCE COMPANY OF HARTFORD AND ERIN DAVIS GALLANT**

For:
BARTON LAW FIRM
1201 Shepherd Drive
Houston, TX 77007

Received by PROACTIVE LEGAL SOLUTIONS on the 25th day of September, 2014 at 9:15 am to be served on **ERIN DAVIS GALLANT, 13054 EARLY WOOD DRIVE, FRISCO, TX 75035**.

I, PATRICIA A. CARPENTER, being duly sworn, depose and say that on the **1st day of October, 2014** at **7:40 pm**, I:

**PERSONALLY** delivered a true copy of the **CITATION AND PLAINTIFF'S ORIGINAL PETITION** with the date of service endorsed thereon by me, to: **ERIN DAVIS GALLANT** at the address of: **13054 EARLY WOOD DRIVE, FRISCO, TX 75035** and informed said person of the contents therein, in compliance with state statutes.

I certify that I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under rule 103 and 536(a) of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas. I am not less than 18 years of age, I am not a party to the above-referenced cause. I have personal knowledge of the facts and statements contained in this affidavit and each is true and correct. I am not interested in the outcome of the above-referenced cause

Subscribed and Sworn to before me on the 1st day of October, 2014 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

_____
**PATRICIA A. CARPENTER**
SCH 10184 EXP 3/31/16

**PROACTIVE LEGAL SOLUTIONS**
P.O. Box 8538
Houston, TX 77249
(832) 209-7760

Our Job Serial Number: DAH-2014001064

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

Certified Document Number: 62800308 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 23, 2014

Certified Document Number:        62800308 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

10/17/2014 3:07:17 PM
Chris Daniel - District Clerk Harris County
Envelope No. 2872531
By: CAROL WILLIAMS
Filed: 10/17/2014 3:07:17 PM

**CAUSE NO. 2014-51783**

| | | |
|---|---|---|
| **MOHAMMED ALZI D/B/A/ XM COMPUTERS INC.** | § § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § § | |
| | § | |
| **v.** | § | **OF HARRIS COUNTY, TEXAS** |
| | § | |
| **NATIONAL FIRE INSURANCE COMPANY OF HARTFORD AND ERIN DAVIS GALLANT,** | § § § | |
| | § | |
| **Defendants.** | § | **190th JUDICIAL DISTRICT COURT** |

**NATIONAL FIRE INSURANCE COMPANY OF HARTFORD'S**
**SPECIAL EXCEPTIONS AND ORIGINAL ANSWER**

TO THE HONORABLE PATRICIA J. KERRIGAN,
PRESIDING JUDGE:

  National Fire Insurance Company of Hartford ("National Fire"), defendant in this cause,

hereby responds to Mohammed Alzi d/b/a XM Computers, Inc.'s *Plaintiff's Original Petition*.

**I. DISCOVERY CONTROL PLAN**

  1. National Fire concurs that discovery should be conducted under Level 3 (Rule

190.4(b)), and asks the Court to order the parties to submit a proposed scheduling order for the

Court's consideration before entering a Level 3 scheduling order.

**II. SPECIAL EXCEPTIONS**

**Mr. Alzi's Pleading Does Not Give Fair Notice**

  2. While Texas' notice pleading standard is liberal, the standard does require a

petition to give fair and adequate notice of the *facts* upon which the pleader bases his claim.[1]

The test of fair notice is whether an opposing attorney of reasonable competence, with the

---

[1] *See, e.g., Hand v. Dean Witter Reynolds, Inc.*, 889 S.W.2d 483, 489 (Tex.App. – Houston [14th Dist.] 1994, writ denied) ("A petition is sufficient if it gives fair notice of the facts upon which the pleader bases his or her claims so that the opposing party may adequately prepare a defense.") (citation omitted).

Certified Document Number: 62814665 - Page 1 of 7

pleadings before her, could ascertain the nature and basic issues of the controversy and the testimony that is probably relevant.[2]

3.      Mr. Alzi's petition allegations fail on this front because they are conclusory.  Mr. Alzi alleges a breach of contract cause of action against National Fire. Yet, no facts are stated to indicate the nature or category or the amount of Mr. Alzi's claimed "underpayment."  Nor does Mr. Alzi comply with the requirements of Rule 54 or Texas Insurance Code § 541.154 regarding the pleadings of conditions precedent required to bring suit.[3]  Additionally, Mr. Alzi's pleading contains no facts whatsoever regarding the Texas Insurance Code unfair settlement practice cause of action contained in his petition, but instead is merely a formulaic recitation of the Code provisions, which is impermissible.  Similarly, only conclusory statements pertain to Mr. Alzi's breach of the duty of good faith and fair dealing and fraud cause of actions.  National Fire asks the Court to order Mr. Alzi to amend his pleading to cure these pleading deficiencies, and if he fails to do so, National Fire respectfully asks that Mr. Alzi's petition be stricken.

4.      Mr. Alzi also fails to give fair notice as to the maximum amount he claims in damages.  National Fire asks the Court to order Mr. Alzi to specify not only the maximum amount of damages he is claiming, but also specify the damages claims for each of the categories of damages he seeks.[4] And if he fails to do so, National Fire respectfully asks that Mr. Alzi's petition be stricken.

---

[2]    *Id.*
[3]    *See* Tex.R.Civ.P. 54, and Tex.Ins.Code § 541.154, respectively.
[4]    *See* Tex.R.Civ.P. 47(a).

### III.   GENERAL DENIAL

5.    Subject to and without waiving its special exceptions, National Fire generally denies the allegations contained in Mr. Alzi's *Plaintiff's Original Petition* and demands strict proof thereof.

### AFFIRMATIVE DEFENSES

6.    National Fire asserts the affirmative defense of payment.

7.    National Fire asserts the affirmative defense of equitable estoppel.

8.    The Policy contains various loss conditions, including duties in the event of a loss or damage that requires the insured, *inter alia*, the duty to provide documentation that supports the alleged loss, to provide an adequate description and proof of loss, to allow examination of books and records upon request, to provide inventories upon request, to resume "operations" as quickly as possible, the satisfaction of which are conditions precedent to coverage under the Policy.  To the extent Mr. Alzi failed to comply with any of these loss conditions, his right to any recovery under the Policy may be barred or limited.

9.    National Fire asserts the affirmative defense of failure to satisfy the specific loss condition that requires Mr. Alzi to provide the documentation to support its claim.  Despite National Fire's duly-made and repeated requests, Mr. Alzi failed to comply with this loss condition under the Policy.  As such, Mr. Alzi forfeited its right to coverage under the Policy.

10.    The declarations and other provisions of the Policy provide limits of insurance for various covered losses or damages.  In the event National Fire is determined to be liable for amounts above and beyond the amounts it already has paid regarding the claim subject of this lawsuit, which liability is expressly denied, National Fire's liability is limited to such policy

Certified Document Number: 62814665 - Page 3 of 7

11.    The Policy provides for payment subject to various deductibles in the event of a covered loss.  In the event National Fire is determined to be determined to be liable for amounts above and beyond the amounts it already has paid regarding the claim the subject of this lawsuit, which liability is expressly denied, National Fire's liability is limited by such deductible(s).

12.    In the event Mr. Alzi received payment for loss or damages from third parties, the coverage, if any, under the Policy, must be appropriately reduced.

13.    National Fire asserts the affirmative defense of unclean hands.

14.    Coverage under the Policy is precluded or limited to the extent Mr. Alzi failed to mitigate, minimize, or avoid any of the alleged damages he seeks.

15.    Coverage under the Policy is barred to the extent that Mr. Alzi has impaired or prejudiced any rights that National Fire might otherwise have had the right to assert under the Policy.

16.    There is no coverage under the Policy to the extent Mr. Alzi seeks recovery for loss of or damage to property that is not covered property, or that was not caused by or the result of a covered cause of loss, or is otherwise excluded under the Policy.

17.    There is no coverage under the Policy to the extent exclusions, terms, conditions, and/or provisions of the Policy apply to bar coverage, including but not limited to those terms, conditions, exclusions, and provisions addressed separately herein.   Coverage also may be limited by Policy conditions and/or limitations to coverage contained in the Policy.   National

Certified Document Number: 62814665 - Page 4 of 7

18.     To the extent Mr. Alzi seeks recovery of business personal property and/or business income or extra expense that is limited or excluded by the Policy, there is no coverage or such expense is limited by the Policy.

19.     There is no coverage for damage at or after the time of loss that is the result of the insured's neglect to use reasonable means to save and preserve property from further damage.

20.     To the extent Mr. Alzi seeks recovery for an alleged loss or damage to the location the subject of this lawsuit that was caused by or resulted from any such concurrent cause, there may be no coverage.

21.     There is no coverage under the Policy to the extent the loss the subject of this lawsuit arose from conditions, perils, or hazards that had already occurred.

22.     National Fire reserves the right to amend and/or supplement its answer with additional defenses, including all policy terms, conditions, limitations, and exclusions, as facts are developed and discovery of this lawsuit proceeds.

## REQUEST FOR RELIEF

For these reasons, National Fire respectfully asks the Court to sustain its special exceptions and order Mr. Alzi to replead properly, and failing to do so, National Fire asks the Court to strike Mr. Alzi's petition. National Fire further asks the Court enter judgment that Mr. Alzi take nothing by his causes of action, that costs of suit be assessed against Mr. Alzi, that National Fire be awarded a reasonable attorney's fee as allowed by law, and that National Fire be granted such other relief to which the Court determines National Fire to be entitled.

NATIONAL FIRE INSURANCE COMPANY OF HARTFORD'S SPECIAL EXCEPTIONS AND ORIGINAL ANSWER – PAGE 5 OF 7

Date:   October 17, 2014

Respectfully submitted,

By:   /s/ Pamela Dunlop Gates
     Pamela Dunlop Gates
     State Bar No. 06239800

COLLIAU CARLUCCIO KEENER MORROW
    PETERSON & PARSONS
Plaza of the Americas
600 North Pearl Street, Suite 1400
Dallas, Texas 75201
(214) 220-5900 – Telephone
(214) 220-5902 – Telecopy
pamela.dunlopgates@cna.com
**ATTORNEY FOR NATIONAL INSURANCE COMPANY OF HARTFORD**

OF COUNSEL:
Robert M. Fineman (*Pro Hac Vice Request to be Filed*)
California State Bar Number #188211
ELENIUS FROST & WALSH
555 Mission Street, Suite 330
San Francisco, CA 94105
(415) 932-7000 – Telephone
(415) 932-7001 – Telecopy
robert.fineman@cna.com
**ATTORNEY FOR NATIONAL INSURANCE COMPANY OF HARTFORD**

## CERTIFICATE OF SERVICE

The undersigned, does hereby certify that on October 17, 2014, the foregoing *National Fire Insurance Company of Hartford's Special Exceptions and Original Answer* was electronically filed as required by the Texas Supreme Court and the Harris County District Clerk, using third-party e-file vendor ProDocs, which has been directed to provide notice of this filing and a copy this document, to the following as indicated, which such service is in accordance with the Texas Rules of Civil Procedure.

Daniel P. Barton, Esq.
Ryan K. Haun, Esq.
BARTON LAW FIRM
1201 Shepherd Drive
Houston, Texas 77007
713.227.4747 – Telephone
713.621.5900 – Facsimile
dbarton@bartonlawgroup.com – Email
rhaun@bartonlawgroup.com – Email
**ATTORNEYS FOR MOHAMMED ALZI D/B/A XM COMPUTERS, INC.**
(*Served via email to dbarton@bartonlawgroup.com and rhaun@bartonlawgroup.com and Facsimile to 713.621.5900*)

Travis B. Terry, Esq.
Reed & Terry, LLP
56 Sugar Creek Center Boulevard
Suite 300
Sugar Land, TX 77478
281.491.5000 – Telephone
281.491.5055 – Facsimile
travis@reedterrylaw.com
**ATTORNEYS FOR MOHAMMED ALZI D/B/A XM COMPUTERS, INC.**
(*Served via email to travis@reedterrylaw.com and rhaun@bartonlawgroup.com and Facsimile to 281.491.5055*)

/s/ Pamela Dunlop Gates<br>Pamela Dunlop Gates

Certified Document Number: 62814665 - Page 7 of 7



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 23, 2014

Certified Document Number:        62814665 Total Pages:  7

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Harris County Docket Sheet

# 2014-51783

**COURT:**   190th
**FILED DATE:**   9/10/2014
**CASE TYPE:**   INSURANCE POLICY



| ALZI, MOHAMMED (D/B/A XM COMPUTERS INC) |
|:---:|
| Attorney: BARTON, DANIEL PATRICK |
| VS. |
| NATIONAL FIRE INSURANCE COMPANY OF HARTF |
| Attorney: DUNLOP, PAMELA R. |

| Docket Sheet Entries | |
|:---:|:---|
| **Date** | **Comment** |