# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MOHAMMED ALZI d/b/a XM Computers Inc., § § | | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-3069 |
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, *et al.*, | § § § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

This insurance case is before the Court on the Motion to Remand [Doc. # 9] filed by Plaintiff Mohammed Alzi d/b/a XM Computers Inc., to which Defendant National Fire Insurance Company of Hartford ("National") filed a Response [Doc. # 10]. Plaintiff neither filed a reply nor requested an extension of time to do so. Having considered the full record and relevant legal authorities, the Court concludes that Gallant was improperly joined and, as a result, her Texas citizenship must be disregarded. As a result, the Court has subject matter jurisdiction over this dispute and the Motion to Remand is **denied**.

## I.    BACKGROUND

In November 2012, a fire caused extensive damage to Plaintiff's property. At the time of the fire, Plaintiff's business property was insured under a Texas

Commercial Insurance Policy issued by National. Plaintiff filed a claim under the Policy and alleges that National underpaid the claim.

Plaintiff filed this lawsuit against National and Gallant, alleging that National assigned Defendant Gallant to adjust Plaintiff's claim. National filed a timely Notice of Removal. Plaintiff filed a Motion to Remand, which is now ripe for decision.

## II. **LEGAL STANDARDS**

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

National argues that Gallant was improperly joined and, as a result, the Court should disregard her Texas citizenship for purposes of diversity jurisdiction. A non-diverse defendant may be found to be improperly joined if there is "actual fraud in the

pleading of jurisdictional facts" or if the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013); *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). There is no allegation of actual fraud in Plaintiff's pleading of the jurisdictional facts in this case.

The test under the second prong "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 513 (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)); *see also Mumfrey*, 719 F.3d at 401. The party asserting improper joinder bears a heavy burden of persuasion. *Kling Realty,* 575 F3d at 514. "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). In certain cases, a court has discretion to "pierce the pleadings" and conduct a summary inquiry to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d

568, 573 (5th Cir. 2004) (en banc)*; accord Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 311 (5th Cir. 2005).

### III. ANALYSIS

In response to Plaintiff's Motion to Remand, National asserted that Gallant was improperly joined. In support of its argument, National presented evidence that Gallant was not the adjuster assigned to Plaintiff's claim, Claim Number E2910661. *See* Declaration of Lon L. Barrick, Exh. 1 to Response; Declaration of Erin Davis Gallant, Exh. 2 to Response; "Acknowledgement [*sic*] of New Claim," Exh. B to Declaration of Robert M. Fineman, Exh. 3 to Response. Instead, Gallant was assigned to adjust a claim against Plaintiff filed by Plaintiff's landlord, Claim Number E3825144. *See* Letter dated April 30, 2013, Exh. A to Motion to Remand. Plaintiff has filed no evidence to refute National's evidence that Gallant was not the adjuster of Plaintiff's insurance claim. As a result, the Court through the permitted summary inquiry concludes from the uncontroverted evidence that Gallant was not the adjuster assigned to Plaintiff's insurance claim at issue in this lawsuit.

Because Gallant was not the adjuster assigned to Plaintiff's claim, there is no possibility that Plaintiff could recover against Gallant in state court. Consequently, Gallant was improperly joined and her Texas citizenship is not considered in the jurisdictional analysis.

It is undisputed that there is complete diversity between Alzi and National, and that the jurisdictional amount is satisfied. As a result, this Court has subject matter jurisdiction over this dispute and the Motion to Remand is denied.

## IV. <u>CONCLUSION AND ORDER</u>

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 9] is **DENIED**.

SIGNED at Houston, Texas, this **29th** day of **December, 2014**.

Nancy F. Atlas
United States District Judge